JAMES HAWKINS APLC
JAMES R. HAWKINS SBN 192925
GREGORY MAURO, SBN 222239
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com

Attorneys for CINDY R. CASTILLO individually,
and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CINDY R. CASTILLO, individually and on behalf of all others similarly situated, | Case No. |
| | ASSIGNED FOR ALL PURPOSES TO: |
| Plaintiff, | JUDGE: |
| v. | DEPT: |
| BANK OF AMERICA NATIONAL ASSOCIATION, a North Carolina Corporation, and DOES 1-10, inclusive, | **CLASS ACTION COMPLAINT** |
| | **(1) Failure to Accurately Pay Overtime Wages;** |
| Defendants. | **(2) Failure to Pay Minimum Wages;** |
| | **(3) Failure to Provide Second Meal Periods;** |
| | **(4) Failure to Provide Rest Periods;** |
| | **(5) Failure to Timely Pay Wages;** |
| | **(6) Failure to Provide Accurate Wage Statements;** |
| | **(7) Unfair Competition; and** |
| | **(8) Failure to Pay Wages Including Overtime (F.L.S.A)** |
| | **DEMAND FOR JURY TRIAL** |

COMES NOW CINDY R. CASTILLO ("Plaintiff"), individually and on behalf of others similarly situated, asserts claims against Defendants BANK OF AMERICA NATIONAL ASSOCIATION, a North Carolina Corporation, and DOES 1-10, inclusive, (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.     The United States District Court for the Central District of California has jurisdiction over this case by virtue of original jurisdiction pursuant to 29 U.S.C. §§ 201, *et seq.* ("FLSA") and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims alleged herein arising under the California Labor Code.

2.      This Court has personal jurisdiction over the Defendants because it has sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail itself of the markets within this State through the promotion, sale, marketing, and distribution of its services.

3.     Venue is proper in the Central District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants conduct business in the City of Brea, County of Orange, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Brea and elsewhere in California.  Defendants employ numerous Class Members in the County of Orange and throughout California.

4.     Defendants are corporations engaged in banking and other financial and investment services for the public and are doing business in Brea, California, and operating at various offices and locations throughout the state of California. On information and belief, Defendants have conducted business within the State of California during the purported liability period and continue to conduct business

throughout the State of California. The unlawful acts alleged herein have had a direct effect on Plaintiff, and the similarly situated non-exempt employees within the City of Brea and throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees.

5. On information and belief, during the statutory liability period and continuing to the present ("liability period"), Defendants consistently maintained and enforced against Defendants' Non-Exempt Employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws: (a) failure to accurately pay overtime rates and wages; (b) failing to provide second meal periods; (c) failing to authorize and permit rest periods; (d) failing to pay all wages earned upon separation from Defendants employ; (e) failure to provide accurate wage statements; (f) violations of the California Unfair Competition laws; and (g) failure to pay overtime wages in violation of the Fair Labor Standards Act 29 U.S.C. §§ 201, *et seq.* ("FLSA").

6. On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to pay overtime for hours worked in excess of forty hours in a workweek or more than 8 hours in a workday.

7. On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to provide its Non-Exempt Employees within the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

8. On information and belief, during the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring its Non-Exempt Employees within the State of

California, including Plaintiff, to work at least five (5) and or ten (10) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

9. Plaintiff on behalf of herself and all Class Members bring this action pursuant to Labor Code sections 201, 202, 203, 226.7, 510, 512, 558, 1194, and California Code of Regulations, Title 8, section 11040 *et. seq.*, applicable IWC Wage Orders, seeking unpaid overtime wages, seeking rest and meal period compensation, minimum wages, penalties, and other equitable relief, and reasonable attorneys' fees and costs.

10. Plaintiff, on behalf of herself and all Class Members, pursuant to Business and Professions Code sections 17200 *et seq*., also seek injunctive relief and restitution of all benefits Defendants enjoyed from their failure to pay minimum wage, overtime wages, rest and meal period compensation, and failure to pay all wages earned upon separation from Defendants.

11. Plaintiff, on behalf of herself and all Class Members, also seek recovery based upon the alleged violations of the Fair Labor and Standards Act, 29 U.S.C. §§ 201 *et seq.*("FLSA").

**PARTIES**

12. Plaintiff Castillo is and at all times mentioned in this complaint a resident of Chino Hills, California.

13. Defendants Bank of America National Association, a North Carolina Corporation, own and operate full service banks, which serve the general public, throughout the United States, including California.

14. Plaintiff is informed and believes, and thereon allege, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California. On information and belief, Plaintiff alleges that at all

relevant times referenced herein Defendants did and continue to transact business throughout California.

15.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

16.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 10, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

17.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

18.     Plaintiff is further informed and believes, and thereon allege, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all

relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

**CLASS ACTION ALLEGATIONS**

19.    Pursuant to Fed.R.Civ.P. Rule 23(a) (1)-(4) and 23(b) (3), this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, typicality, commonality, adequacy, predominance, and superiority requirements of those provisions.

20.    Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure 23.

21.    All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

22.    The proposed class and subclasses are comprised of and defined as follows:

**California Class:** Any and all persons who are or were employed as non-exempt employees   or equivalent or related positions, however titled, by Defendants in the state of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

Plaintiff's proposed subclasses are comprised of and defined as:

**Sub-Class 1:** All Class Members who are or were employed by Defendants and who worked more than eight (8) hours in a workday or more than forty (40) hours in a workweek (hereinafter collectively referred to as the "Overtime Subclass").

**Sub-Class 2:** All Class Members who are or were employed by Defendants and who worked more than ten hours in a workday (hereinafter collectively referred to as the "Second Meal Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

23.     The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes. Plaintiff reserves the right to amend the definitions of the Class and Subclass(es) if necessary. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

24.     There is a well defined community of interest in this litigation and the members of the Class and Subclasses are easily ascertainable as set forth below:

a.     <u>Numerosity</u>: The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.     <u>Typicality</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom Plaintiff has a well defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by not being paid accurate overtime wages and minimum wages, provided second meal periods or permitted authorized rest periods, were not provided timely payment of wages upon separation, and were not provided accurate wage statements due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

c.    Adequacy:    Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom she has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that she has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass(es) if needed.

d.    Superiority:    The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.

e.    Public Policy Considerations:    Employers in the state of California violate employment and labor laws everyday.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

///

///

f.   Commonality:  There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual members including, but not limited to:

1.   Whether Defendants failed to accurately pay overtime for work in excess of eight (8) hours per day and/or forty (40) hours per week;

2.   Whether Defendant failed to pay minimum wages for work performed off-the-clock.

3.   Whether Defendants failed to provide meal periods and authorize and permit rest breaks in accordance with Labor Code §512 and the applicable Industrial Welfare Commission ("IWC") wage order;

4.   Whether Defendant failed to timely pay wages due and owing upon separation in accordance with Labor Code §§ 201-203.

5.   Whether Defendants failed to provide accurate itemized wage statements in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage order.

6.   Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§17200, et seq.;

7.   Whether Defendant violated the FLSA for failure to pay overtime; and

8.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

## COLLECTIVE ACTION ALLEGATIONS

25.   Plaintiff hereby incorporates each and every allegation contained above and re-alleges said allegations as if fully set forth herein.

26.   Plaintiff further bring this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et. seq.,* ("FLSA") on behalf of a **Collective Class**, which is constituted of all persons who were, are, or will be employed by Defendant as:

All hourly-paid, non-managerial call-center workers of Bank of America National Association, in the State of California from March 2014 to the present who both (a) have at least one Workweek for which they were paid for 40 or more hours, as reflected in Bank of America National Association's payroll records and (b) opt in to the proposed FLSA collective action by consenting to join.

27. Plaintiff alleges that during the Relevant Time Period, she is and was:
    a. An individual who resides in the County of San Bernardino and the State of California;
    b. Employed as a non-managerial call-center worker for Defendants in the State of California, within the three years preceding the filing of the complaint here;
    c. Worked more than 40 hours in a given week;
    d. Did not receive overtime compensation for all hours worked over 40 hours in any given week;
    e. Is a member of the Collective Class as defined in paragraph 26 in this Complaint; and
    f. Plaintiff has consented to join the action.

28. Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the Collective Class overtime premiums for all hours worked in excess of 40 hours per workweek.

29. Defendants failed to properly maintain timekeeping and payroll records pertaining to the Collective Class under the FLSA, 29 U.S.C. 211(c).

30. Defendants' unlawful conduct was widespread, repeated, and consistent.

## FACTUAL ALLEGATIONS

31. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt employees or related positions with similar job duties, however titled, throughout the state of California.

32. Defendants employed Plaintiff as a "non-exempt employee" as a call-center worker at its Brea location, during the liability period until her separation in

approximately September 2016 performing duties relating to Defendant's financial and banking business.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

34. During the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week, but were not accurately paid overtime wages for that work, as required under California law.

35. During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

36. Plaintiff is informed and believes, and thereon alleges, that during the relevant time frame, Plaintiff and Class Members were systematically denied second meal periods within the legally required time frames. Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where all meal periods and rest breaks were not provided within the legally required time frames.

37. Plaintiff is informed and believes, and thereon alleges that, during the relevant time frame, Defendant also failed to accurately account for overtime, meal and rest period premiums.

38. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate wage statements pursuant to Labor Code §226.

39. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate wages including overtime

compensation, and premium wages including but not limited to Labor Code §§201-203, 226.7, 510, 512, 558, 1194 and applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular and overtime wages and not paid all meal and rest period premiums due.

40. On information and belief, during the relevant time frame, Plaintiff and Class Members worked off the clock by commencing work prior to clocking in for preparation purposes due to the demands placed upon them by Defendants. Defendants knew or should have known this was occurring on a common and regular basis.

41. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members premium wages, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

## CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION FOR FAILURE TO ACCURATELY PAY OVERTIME WAGES

### (On Behalf of the California Class Against All Defendants)

42. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

43. At all times relevant, the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

44. Labor Code §510 codifies the right to overtime compensation at the

rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

45. At all times relevant, Plaintiff and Class Members regularly worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

46. At all times relevant, Defendants also failed to accurately pay overtime wages owed to Plaintiff and Class Members by failing to include time for work performed prior to Plaintiff and Class Members clocking in for their regular scheduled shifts in order to prepare for their daily assignments.

47. At all times relevant, Defendants also failed to accurately pay overtime wages owed to Plaintiff and Class Members by failing to include bonuses earned by the Plaintiff and Class Members for meeting performance call objective goals into the regular rates of pay for overtime calculation purposes.

48. At all times relevant, Plaintiff and Class Members regularly performed non-exempt work in excess of 50% of the time, and thus, were subject to the overtime requirements of the applicable IWC wage orders and the Labor Code.

49. At all times relevant, Defendants also failed to accurately pay overtime wages owed to Plaintiff and Class Members in violation of Labor Code § 204.3 "(a) An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law. If an hour of employment would otherwise be compensable at a rate of more than one and one-half times the employee's regular rate of compensation, then the employee may receive compensating time off commensurate with the higher rate."

50. At all times relevant, Defendant failed to accurately account for compensatory time accrued by the Plaintiff and Class Members and as a result

failed to provide the compensable rate in violation of Labor Code § 204.3.

51.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of premium overtime compensation violates the provisions of Labor Code § 204.3, §510, and §1194, and the applicable IWC wage orders and is therefore unlawful.

52.     Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the overtime wages owed.

## SECOND CAUSE OF ACTION FOR FAILURE TO PAY MINIMUM WAGES

### (On Behalf of the California Class Against All Defendants)

53.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

54.     At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful.  Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged.

55.     The Industrial Welfare Commission Orders and the Labor Code further provide that the "hours worked" means the "time spent during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work..."

56.     During the relevant time period, Plaintiff and on information and belief the Class, were not paid minimum wage for the work time spent in preparation of daily objectives prior to the Plaintiff and Class Members clocking in for their regularly scheduled shifts.   Such control by Defendants for time spent for preparation is compensable time as required by LC §§1194, 1197.

57.     While Plaintiff and the Class performed the work as described herein, Defendants policies and practices failed to pay wages for all hours worked, as required pursuant to Labor Code §§ 200, 1194, and 1197.

58.     Thus, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees pursuant to Labor Code §§ 1194, 1197 and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §1194.2.

### THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE SECOND MEAL PERIODS

#### (On Behalf of the California Class Against All Defendants)

59.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

60.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.  Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and

Class Members are prevented from being relieved of all duties. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with meal periods within the required time frames.

62. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their roles as non-exempt employees, however titled, second meal periods of not less than thirty (30) minutes within the required time frames pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants due to the Defendant's demands to complete the production of its marketing materials.

63. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

64. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided.

**FOURTH CAUSE OF ACTION FOR FAILURE TO PROVIDE REST PERIODS**

**(On Behalf of the California Class Against All Defendants)**

65. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

66. Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work

during any rest period mandated by an applicable order of the IWC.

67. Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, Defendants failed permit and authorize Plaintiff and Class Members, in their roles as non-exempt employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

68. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants and Labor Code §226.7 as a result of the demands placed upon them by Defendants' managers in order for the Plaintiff and Class members to meet their individual goals.

69. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

70. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

**FIFTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES**
**(On Behalf of the California Class Against All Defendants)**

71. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

72. Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or

her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

73. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

74. During the relevant time period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include overtime wages and meal and rest break premiums, but upon separation Defendants failed to pay wages due and owing within the time frame specified by Labor Code §§201-202.

75. Defendants' willful failure to pay Plaintiff and Class Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

76. As a result, Defendants are liable to Plaintiff and members of the Class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION
### (On Behalf of the California Class Against All Defendants)

77. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

78. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly

rates and reimbursement expenses among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

79. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

80. Defendants have also failed to accurately record the meal and rest period premiums owed and all wages owed per pay period.

81. Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

82. Pursuant to LC section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

## SEVENTH CAUSE OF ACTION FOR UNFAIR COMPETITION
### (On Behalf of the California Class Against All Defendants)

83. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

84. Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

85. Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in

violation of California Business and Professions Code §§17200, *et seq.*

86.     A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and practice of failing to pay Plaintiff  and Class Members overtime wages over the past four (4) years violates, including but not limited to, Labor Code §1194, §1198, §510, §510, §204.3 and §203.  Defendants' policy of failing to provide Plaintiff  and the Class with meal periods and rest breaks within the prescribed time frames or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code §512, and §226.7.

87.     Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

88.     Pursuant to California Business and Professions Code §§17200, *et seq.,* Plaintiff  and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

### EIGHTH CAUSE OF ACTION PURSUANT TO
### FAILURE TO PAY OVERTIME ("FLSA")
**(On Behalf of the Collective Class and the General Public Against All Defendants)**

89.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

90.     At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

91.     At all times relevant to this action, Plaintiffs were "employees" of

Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

92. Plaintiffs and the Collective Class, by virtue of their job duties and activities performed, are non-exempt employees.

93. Defendants are not "retail or service establishments" as defined by 29 U.S.C. § 213(a)(2) of the FLSA.

94. Plaintiff and the Collective Class have either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

95. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and the Collective Class to perform off-the-clock work each shift, but failed to pay these employees the federally mandated overtime compensation for this work in violation of 29 U.S.C. § 206 *et. seq*.

96. At all times relevant to this action, Plaintiff and the Collective Class were also suffered to work in excess of 40 hours per week without premium pay for in violation of 29 U.S.C. § 216 *et. seq*.

97. Defendants' violations of the FLSA were knowing and willful. Defendants could have easily accounted for and properly compensated Plaintiffs and the Collective Class but have failed to do so.

98. Plaintiff has consented to be joined in this action.

99. Plaintiff therefore seeks damages in an amount equal to the unpaid overtime wages due and owing to the Collective Class, along with liquidated damages in an equal amount, costs and attorney's fees as provided for in 29 U.S.C. § 216.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That Plaintiff be appointed as the representative of the Subclass; and

4. That counsel for Plaintiff be appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1. For compensatory damages in an amount equal to the amount of unpaid overtime owed to Plaintiff and Class Members;

3. For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3. For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4. For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1. For compensatory damages equal to the unpaid balance of minimum wage compensation owed to Plaintiff and Class members as well as interest and costs;

2. For reasonable attorneys' fees and costs pursuant to Labor Code § 1194;

3. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2

4. For such other and further relief as the Court deems proper.

### On the Third Cause of Action

1. For one (1) hour of premium pay for each day in which a required second meal period was not provided or not provided in a timely manner; and

2. For such other and further relief as the Court deems proper.

### On the Fourth Cause of Action

1. For one (1) hour of premium pay for each day in which a required rest period was not provided; and

2. For such other and further relief as the Court deems proper.

**CLASS ACTION COMPLAINT**

On the Fifth Cause of Action

1. For statutory penalties pursuant to Labor Code §203;

2. For interest for wages untimely paid; and

For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1. For statutory penalties pursuant to Labor Code §226;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper

On the Seventh Cause of Action

1. That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay overtime wages over the last four (4) years in an amount according to proof;

2. That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3. For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code §1194;

5. For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code §1194; and

6. For such other and further relief as the Court deems proper.

On the Eighth Cause of Action

1. For general damages as measured by unpaid overtime wages; liquidated damages, an equal amount to the unpaid overtime wages under federal law, including, *inter alia*, 29 U.S.C. § 216 et. seq.; and interest and attorneys fees pursuant to, *inter alia,* 29 U.S.C. § 216 et. seq.; and

2. For such other and further relief as the Court deems proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: March 31, 2017   JAMES HAWKINS APLC
         By:/s/ Gregory Mauro
          JAMES R. HAWKINS, ESQ.
          GREGORY MAURO, ESQ.
          Attorneys for Plaintiff CINDY R.
          CASTILLO and for Members of the
          Class and Subclass

**CLASS ACTION COMPLAINT**